# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRELL D. MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV505SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Movant filed this §2255 action alleging that his conviction and sentence are invalid because he was denied effective assistance of counsel. He asserted that his counsel's representation was constitutionally deficient because 1) his attorney failed to "investigate the applicable statutory sentencing law and relevant facts"; 2) his attorney failed to advise him of an affirmative defense; and 3) his attorney failed "to object to a patently unlawful sentence above the guideline range". The Government responded that the instant §2255 motion should be denied because 1) movant waived his right to seek post-conviction relief under §2255; and 2) his counsel's performance was not constitutionally deficient.

Upon this Court's review of the instant motion, it appeared that the movant's §2255 motion may be untimely. Based upon the Court's records, it did not appear that petitioner had directly appealed his conviction and sentence. If this is the case, movant had only until October 19, 2004 to file his §2255 motion. The instant motion was not filed until March 28, 2005. Movant had contended vaguely in his motion that he had filed an "Anders brief" with the Eighth Circuit Court of Appeals; however, he has not presented the Court with any evidence of such a filing. Since neither the Government nor the movant had addressed the issue of timeliness as to

the filing of the §2255 motion, the Court entered a show cause order directing the parties to address the issue of timeliness. *See*, Court Order #8, filed August 16, 2005.

As of today's date, only the Government has filed a response to the Court's show cause order. Government Response (#9), filed September 1, 2005. In its response, the Government concurs with the Court that movant did not file a direct appeal of the underlying criminal matter; thus, the deadline for filing his §2255 motion expired on or about October 19, 2004. Since the instant motion was filed on March 28, 2005, it is untimely pursuant to 28 U.S.C.§2255.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (#1), filed March 28, 2005 be and is **DENIED** as time-barred.

Dated this  21st  day of September, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE